IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE HOGAN,

    Petitioner,                                                              ORDER

v.                                                                                 16-cv-130-wmc

DEBORAH McCULLOCH, Director,

    Respondent.

---

Petitioner Willie Hogan seeks a writ of habeas corpus under 28 U.S.C. § 2254. After conducting a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the court concludes that this petition must be dismissed because the relief Hogan seeks is not available under § 2254.

BACKGROUND

Hogan is currently housed at the Sand Ridge Secure Treatment Center ("Sand Ridge"). Sand Ridge is a secure treatment facility operated by the Department of Health Services for persons who have been committed under Wisconsin's sexually violent persons law, Chapter 980. In his petition, Hogan alleges that the Sand Ridge staff violated his and other patients' constitutional and federal statutory rights. In particular, he states that the Sand Ridge mail room staff would not forward "the group filing of Willie Hogan" to the Wisconsin Court of Appeals, which he alleges violates the Federal Tort Claims Act, as well as the First, Fifth, Thirteenth and Fourteenth Amendments. He further claims that his "group filing," which appears to have been filed in the Dane County Circuit Court, alleged that Sand

1

Ridge staff retaliated against group members, falsified treatment records, and acted with deliberate indifference to group members.

In Hogan's petition before this court, he summarizes the claims he sought in the state court filings and requests various forms of injunctive relief, mainly focusing on potential improvements to the ways Sand Ridge staff treats its patients. Hogan also requests damages of $100,000 for each patient that is a part of his group filing.

OPINION

Hogan's petition does not fall under the purview of § 2254 because he is not challenging a conviction or sentence. A petition for writ of habeas corpus is the proper route if the prisoner seeks "a quantum change in the level of custody -- whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991); *see Moran v. Sondalle*, 650-51 (7th Cir. 2000) ("State prisoners who want to challenge their convictions, their sentences, or administrative orders . . . must seek habeas corpus …. State prisoners who want to raise a constitutional challenge to any other decision … must instead employ § 1983.). However, Hogan is seeking only injunctive relief and money damages, which are available under 42 U.S.C. § 1983, but not in a habeas petition. *See Glaus v. Anderson*, 408 F.3d 382, 388-89 (7th Cir. 2005); *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997).

The allegations and relief sought in Hogan's petition resemble a § 1983 action, but the court will not convert this action into a civil rights complaint. When a prisoner mislabels a civil lawsuit as a habeas petition, the court may not simply convert the action because of the various procedural differences between the two types of actions. *Moran v. Sondalle*, 218

F.3d 647, 650-51 (7th Cir. 2000); *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). For example, the filing fee is $5 for a habeas petition, but $400 for a civil action (or $350 if the plaintiff is proceeding *in forma pauperis*). Additionally, as the petition stands, Hogan names Sand Ridge's director as the respondent, not the individual or individuals that are responsible for the alleged constitutional violations. In a civil rights action, the complaint must name as defendants the individual or individuals responsible for the harm. *See Glaus*, 408 F.3d at 389. Accordingly, the petition will be dismissed.

Hogan may refile his petition as a complaint pursuant to 42 U.S.C. § 1983. The court makes no judgment as to whether his claim will succeed, but again Hogan should be aware that to file this complaint he will have to pay the $400 filing fee. If he requests and is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, he must pay the $350 fee in installments, starting with an initial partial payment calculated from a trust fund account statement, followed by monthly payments until the fee is paid in full. In addition, § 1915(e)(2) requires the court to screen the plaintiff's complaint to determine whether the proposed action (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary damages from a defendant who is immune from such relief.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). Generally, this means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to

3

deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). To the extent that this order qualifies as "final" for purposes of Rule 11, the court declines to issue a certificate of appealability because reasonable jurists would not debate that Hogan cannot obtain the relief he seeks under § 2254.

ORDER

IT IS ORDERED that:

1. Petitioner Willie Hogan's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED and this matter is DISMISSED.

2. A certificate of appealability is DENIED. If petitioner wishes he may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 25th day of May, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge